## Percefull *vs* Commonwealth.

ERROR TO THE GRAYSON CIRCUIT.

*Indictment.   Rescous.   Trespass.   Justification.*

CHIEF JUSTICE EWING delivered the opinion of the Court.

AN indictment was found against Percefull, for making an assault upon John S. Jones, a Constable, and forcibly rescuing from his custody, a horse which he had levied on as the property of Percefull, by virtue of an execution in favor of N. G. Beaty, which had issued from a Justice of the Peace, and was then in his hands in full force.

The indictment is in apt form, and contains every substantive specification required by law. The jury found the defendant guilty, and assessed his fine to fifty dollars.

In the progress of the trial, it appeared, that after judgment had been rendered in favor of N. G. Beaty against Percefull, that a new trial had been granted on the motion of the latter, and that afterwards, and before any re-trial was had or judgment rendered, that the exection, by virtue of which the levy was made, was issued by the Justice, and placed in the hands of Jones to execute. It further appeared, that at the time when the levy was made and rescue perpetrated, Percefull stated that a new trial had been granted, and that there was no judgment, and

that Jones knew it, which Jones denied, stating that the execution had been put into his hands, and he was bound to do his duty.   Though Jones was at the house of the Justice before whom the re-trial was to be had, and may have been apprized that no new trial did take place on that day, the execution in his hands did not issue for a month after that time, and the re-trial might have been had and judgment rendered long before the execution issued, and it does not appear that Jones was apprized that a judgment was not rendered, if that information could have the effect to justify the rescue.

The subject matter being within the jurisdiction of the Justice, and the execution on its face being in due form, it was the Constable's full warrant for the levy:  (2 *Bac. Abg.* 740.)   It was not his duty to look back into the proceedings before the Justice, to ascertain whether a judgment had or had not, in due form, been rendered. Presuming that the Magistrate had done his duty, he had a right to presume that a judgment had been rendered, and that the execution in his hands had properly issued; and indulging in this reasonable presumption, it was his duty to make the levy, and having made it, Percefull was not justifiable in *forcibly rescuing* the horse from his custody.

The facts were permitted to go to the jury, and they were instructed by the Court, that they were authorized to give to them such weight as they might deem them entitled to in *mitigation of damages.*   For this object, the testimony was competent, and the instruction of the Court below was proper.   More favorable instructions than this, for the defendant, on this point, the Court was not asked to give, nor should more favorable instructions been given, had they been asked.

Judgment affirmed, with costs.

· *Owsley & Goodloe* for plaintiff: *Cates, Atto. Gen.* for Commonwealth.

*Process from a Justice of the Peace, in a case in which he has jurisdiction, is a justification to the officer levying it; he is not bound to look to the regularity of its emanation.*